**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12 C 7505** |
| | ) | |
| **APPROXIMATELY $1,305,105 IN** | ) | |
| **ASSORTED SILVER BARS AND GOLD** | ) | |
| **AND SILVER COINS, et al.,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **WILLIAM BROCK,** | ) | |
| | ) | |
| **Claimant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Claimant William Brock Jr.'s (Brock) amended motion to dismiss forfeiture and return property, motion to stay discovery, and motion to quash arrest, suppress evidence, and return property. This matter is also before the court on Plaintiff United States of America's (Government) second amended motion to strike Brock's claim. For the reasons stated below, Brock's motion to dismiss, motion to stay, and motion to quash are denied, and the

Government's motion to strike is granted.


# BACKGROUND

The Government brought the instant *in rem* action pursuant to 21 U.S.C. § 881(a)(6) (Section 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure (Rule G(2)). The Government seeks the forfeiture of approximately: (1) $1,305,105 in assorted silver bars and coins, (2) $75,000 in United States currency, (3) $64,978 in United States currency, and (4) a 2010 Ford F-250 Crew Cab XL (collectively referred to as "Property), which the Government contends were furnished and intended to be furnished in exchange for controlled substances, were the proceeds from the sale of a controlled substance, and were property used and intended to be used to facilitate narcotics trafficking in violation of 21 U.S.C. § 801 *et seq.* Brock has asserted a claim to the Property and moves to dismiss the complaint to the extent that it seeks forfeiture of the $1,305,105 in assorted silver bars and coins. Brock also contends that there are currently criminal proceedings (Criminal Proceedings) pending against him in California and requests that discovery be stayed pending the resolution of those proceedings. Finally, Brock moves to quash the arrest in the Criminal Proceedings and for the return of the Property. The Government moves to strike Brock's claim in this case.

## LEGAL STANDARD

Pursuant to Section 881(a)(6), the following are subject to forfeiture by the

United States:

> All moneys, negotiable instruments, securities, or other things of value
> furnished or intended to be furnished by any person in exchange for a
> controlled substance or listed chemical in violation of this subchapter, all
> proceeds traceable to such an exchange, and all moneys, negotiable
> instruments, and securities used or intended to be used to facilitate any
> violation of this subchapter.

21 U.S.C. § 881(a)(6). In a civil forfeiture action, "the burden of proof is on the

Government to establish, by a preponderance of the evidence, that the property is

subject to forfeiture. . . ." 18 U.S.C. § 983(c). In addition, in a civil forfeiture action,

"the Government may use evidence gathered after the filing of a complaint for

forfeiture to establish, by a preponderance of the evidence, that property is subject to

forfeiture," and "if the Government's theory of forfeiture is that the property was

used to commit or facilitate the commission of a criminal offense, or was involved in

the commission of a criminal offense, the Government shall establish that there was a

substantial connection between the property and the offense." *Id.* In assessing

whether the Government has met its burden of proof in a civil forfeiture action, a

court should "consider the totality of the evidence as a whole and in the appropriate

context." *United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 469 (7th Cir. 2005). Pursuant to Rule G(2), a claimant who desires to prevent forfeiture and claim property may file a motion to dismiss the forfeiture action in accordance with Federal Rule of Civil Procedure 12(b). *United States v. Funds in the Amount of Twenty-Two Thousand, Two Hundred Forty Dollars ($22,240)*, 2011 WL 5169980, at *2 (N.D. Ill. 2011).

## DISCUSSION

### I. Amended Motion to Dismiss

Brock has filed a motion to dismiss the complaint to the extent that it seeks forfeiture of the $1,305,105 in assorted silver bars and coins. Brock contends that on September 19, 2012, 146 days after the Property was seized, the Government filed the instant action. Brock contends that the Government then provided him with notice of the instant action on September 21, 2012, which was 148 days after the $1,305,105 in assorted silver bars and coins was seized. Brock argues that since he is an interested party in the Property, the Government was required to give him timely notice of the seizure and potential forfeiture. Brock argues that as a result of the untimely notice, by default, the $1,305,105 in assorted silver bars and coins should be returned to him, since he is the owner of the storage unit (Storage Unit)

where the $1,305,105 in assorted silver bars and coins were recovered.

Pursuant to 18 U.S.C. § 983(a)(1)(A)(iv), the United States is required to give notice of forfeiture proceedings with respect to certain property to "interested parties," and "[i]n a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency."  Pursuant to 18 U.S.C. § 983(a)(3)(B):

> [i]f the Government does not-- (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or (ii) before the time for filing a complaint has expired– (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute, the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

*Id.* The Government contends that prior to the filing of the complaint in the instant action, the Drug Enforcement Agency (DEA) had commenced administrative forfeiture proceedings (Administrative Proceedings) on the $75,000 in United States currency, the $64,978 in United States currency, and the a Ford F-250 Crew Cab XL. In accordance with 19 U.S.C. § 1607, the United States may pursue nonjudicial, administrative proceedings for the seizure of property "[i]f– the value of such seized

5

vessel, vehicle, aircraft, merchandise, or baggage does not exceed $500,000. . . ." *Id.* Thus, the DEA could properly pursue the Administrative Proceedings against all of the Property except for the $1,305,105 in assorted silver bars and coins. The Government contends that proper and timely notice was provided for all of the Property except the $1,305,105 in assorted silver bars and coins, and Brock has not disputed that point. (A. Mot. Dis. 2, Par. 2). The Government also contends that no notice was sent to Brock regarding the $1,305,105 in assorted silver bars and coins because it was not part of the Administrative Proceedings. (Ans. A. Mot. 5-6).

The Government explains that it waited until the Administrative Proceedings were completed in order to join all of the Property in one judicial action. The Government contends that such an approach promotes judicial economy. Brock bases his motion to dismiss on the notice deadline provided in 18 U.S.C. § 983. However, the notice deadlines in 18 U.S.C. § 983 only apply to property that can be the subject of administrative proceedings brought in accordance with 19 U.S.C. § 1607. 18 U.S.C. § 983(a)(1)(A)(i); *see also, e.g., United States v. Assets Described in Attachment A to the Verified Complaint for Forfeiture In Rem*, 2010 WL 1893327, at *6 (M.D. Fla. 2010). Thus, the notice deadlines in 18 U.S.C. § 983 do not apply to property that must be pursued through a judicial action, such as the $1,305,105 in assorted silver bars and coins.

In addition, even if the notice deadlines in 18 U.S.C. § 983 could be construed to apply to the $1,305,105 in assorted silver bars and coins, pursuant to 18 U.S.C. § 983(a)(1)(F), [i]f the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person," but only "without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." *Id.* The phrase "without prejudice to the right of the Government" has been construed to mean that inadequate notice does not require the return of property, as long as the Government has initiated civil forfeiture proceedings. *See, e.g., United States v. $448,163.10 in U.S. Currency*, 2007 WL 4178508, at *3 (D. Conn. 2007)(stating that another court has "found that the 'without prejudice' language in § 983(a)(1)(F) makes it abundantly clear that inadequate notice does not immunize property from forfeiture").

Finally, to the extent that any notice by the Government was untimely in regard to the $1,305,105 in assorted silver bars and coins, Brock has failed to show any prejudice to him resulting from any delay in receiving notice of the proceedings relating to the $1,305,105 in assorted silver bars and coins. *See, e.g., United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 569 (1983)(indicating that the court should consider the prejudice to the

claimant by a delay in the initiation of forfeiture proceedings). Brock argues that he

should not have to show any prejudice. He argues that based upon an alleged

procedural misstep by the Government, he should, by default, be the beneficiary of

the $1,305,105 in assorted silver bars and coins, which the Government contends

was derived from or used in the illegal drug trade. The equities favor no such result.

The details provided in Brock's own motion to quash show that the instant forfeiture

action should present no surprise to Brock, even in regard to the $1,305,105 in

assorted silver bars and coins. Brock indicates that he was being investigated by

police for operating a drug trafficking network. (Mot. Q. 2). Brock further indicates

that a confidential informant told police that Brock was storing large amounts of

cannabis in a storage unit. (Mot. Q. 2). Brock indicates that police ultimately

located the Storage Unit rented by Brock and obtained a search warrant for the

Storage Unit after a canine unit gave a "positive indication" for the presence of

contraband. (Mot. Q. 6). Brock admits that the $1,305,105 in assorted silver bars

and coins and $75,000 in United States currency were found in the Storage Unit.

(Mot. Q. 6). Brock also admits that he was arrested and charged with a drug

trafficking offense. (Mot. Q. 6, 16). The Government indicates that Brock has been

charged with conspiracy to distribute in excess of 100 kilograms of marijuana, and

the Government has identified various pieces of evidence that it contends show that

the Property was connected to the illegal drug trade.  Based on such facts, it should have been patently obvious to Brock that the items seized from the Storage Unit would be subject to future forfeiture proceedings.  The fact that the $75,000 in United States currency, which was found with the $1,305,105 in assorted silver bars and coins, was the subject of the Administrative Proceedings, should have provided further notice to Brock that the Government was not going to return the $1,305,105 in assorted silver bars and coins to Brock.  Thus, even if Brock could show any deficiencies in the notice by the Government in regards to forfeiture of the $1,305,105 in assorted silver bars and coins, Brock has failed to show any prejudice. Based on the above, Brock has not shown that as owner of the Storage Unit that the $1,305,105 in assorted silver bars and coins should be returned to him based on a failure by the Government to comply with any notice deadlines for forfeiture. Therefore, Brock's amended motion to dismiss is denied.  In addition, the court notes that Brock offers no explanation as to how he lawfully acquired the $1,305,105 in assorted silver bars and coins, or the $75,000 in United States currency, or any explanation as to why such valuable items would have been left unattended in the Storage Unit.

II.  Second Amended Motion to Strike Claim

In addition to moving to dismiss the complaint, Brock has filed a claim as to the $1,305,105 in assorted silver bars and coins.  The Government moves to strike Brock's claim, arguing that Brock has failed to present the minimum allegations to assert a proper claim.  Pursuant to 18 U.S.C. § 983(a)(2)(C), a claimant asserting a claim in civil forfeiture proceedings must: (1) "identify the specific property being claimed," (2) "state the claimant's interest in such property," and (3) "be made under oath, subject to penalty of perjury."  *Id.*  The Government contends that Brock has failed to provide the Government with anything more than bald assertions as to an ownership interest in the Property.  The Government indicates that it has sent Special Interrogatories to Brock, so that he could provide information regarding his lawful ownership interest in the Property, and that Brock has refused to respond to the interrogatories.  By providing only a conclusory statement as to his ownership interest, Brock has not satisfied the requirements articulated in 18 U.S.C. § 983(a)(2)(C) for presenting a proper claim.  In addition to the statutory requirements for filing a claim, Brock has also failed in this case to satisfy the Article III requirement to show standing.  *See United States v. One Hundred One Thousand and 00/100 Dollars ($101,000.00) In U.S. Currency*, 2011 WL 3563101, at *2 -3 (C.D. Ill. 2011)(stating that "Article III standing is more demanding than statutory

standing, . . . and mere assertion of an ownership interest in a claim without additional evidence of ownership means that the claimant lacks Article III 'case or controversy' standing"). Based on the above, the Government's motion to strike is granted.

The court notes that Brock filed a motion to stay discovery, seeking to delay his response to the Special Interrogatories until the resolution of the Criminal Proceedings. However, the motion to stay is without any merit and is denied. The instant forfeiture action is proper, and Brock cannot delay this action. In addition, regardless of the exchange of discovery in this case, it was incumbent on Brock to provide this court with evidence to satisfy the requirements of 18 U.S.C. § 983(a)(2)(C), and Brock has failed to do so. Therefore, the Government's second amended motion to strike Brock's claim is granted.


III.  Motion to Quash

Brock moves this court to suppress the search warrant issued in his criminal case and for the return of the Property. In the first instance, such a motion to suppress is not appropriate in this supplemental civil forfeiture action. Secondly, since Brock's claim has been stricken, he is no longer a party of interest in this case. Therefore, the motion to quash is denied.

**CONCLUSION**

Based on the foregoing analysis, Brock's amended motion to dismiss forfeiture and return property [DE 21], motion to stay discovery [DE 22], and motion to quash arrest, suppress evidence, and return property [DE 34] are denied. The Government's second amended motion to strike Brock's claim [DE 30] is granted.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 6, 2013